## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MALONEY GAMING** | * | **CIVIL ACTION NO.** |
| **MANAGEMENT,  LLC** | * | |
| **Plaintiffs** | * | |
| | * | **SECTION** |
| **versus** | * | |
| | * | |
| **PARISH OF ST. TAMMANY** | * | **MAGISTRATE** |
| **Defendant** | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## <u>COMPLAINT</u>

The Complaint of Maloney Gaming Management, LLC (hereinafter "MGM"), a Louisiana Limited Liability company with its principal place of business located in St. Tammany Parish, Louisiana, respectfully represent as follows:

1.

Defendant, Parish of St. Tammany, Louisiana is a political subdivision of the State of Louisiana.

2.

This action arises under the Fifth and Fourteenth Amendments of the United States Constitution and under 42 U.S.C. §1983.

3.

This action also arises under the laws of the State of Louisiana.

4.

The court has original jurisdiction under 28 U.S.C. §1331 and has supplemental jurisdiction under 28 U.S.C. §1367, relative to all related claims under LSA C.C. Art. 2315, or otherwise.

5.

**FACTS**

MGM obtained a commercial lessor license in order to operate bingo parlors at two locations in St. Tammany Parish, under the following names:

    1)      Crystal Palace Bingo - Covington,
                301 Highway 190 North, Suite B9
                Covington, Louisiana

    2)      Crystal Palace Bingo - Lacombe
                64041 Highway 434, Suite C
                Lacombe, Louisiana

6.

Under date of March 31, 2009 for the Covington establishment and February 5, 2009 for the Lacombe establishment, MGM obtained licenses as a commercial lessor "to lease premises to charitable organizations," pursuant to law, and license fees were paid.

7.

On March 27, 2009, an occupational license for commercial, industrial and institutional businesses was issued by the Department of Planning of St. Tammany Parish for the establishment in Lacombe, Louisiana, as well as for the establishment in Covington, Louisiana.

8.

On March 27, 2009, the St. Tammany Parish Department of Permits and Regulatory issued a Certificate of Completion, No. K08-1520 for the Covington property.

9.

On February 6, 2009, the St. Tammany Parish Department of Permits and Regulatory issued a Certificate of Completion, No. K08-1519 for the Lacombe property.

10.

Despite the issuance of these permits and licenses, and after significant funds had been expended in completing the necessary remodeling of the facilities, the St. Tammany Parish Council, on or about June 4, 2009, passed Ordinance 12-025.10, being an ordinance to amend and reenact Chapter 12, Article V, Charitable Raffles, Bingo, Keno and Pull-Tab Games, "to prohibit any person, association, organization or corporation, to hold, operate or conduct the specific game of chance identified as electronic video bingo in the unincorporated areas of St. Tammany Parish."

11.

The plaintiffs were thereafter prohibited from operating the proposed bingo facilities by public officials of St. Tammany Parish under threat of citation, all to the harm and detriment of MGM, violating its rights, and entitling it to relief, for the reasons set out hereafter.

12.

**DENIAL OF DUE PROCESS**

Plaintiffs were deprived of property without due process of law in violation of the

Fourteenth Amendment of the United States Constitution.

13.

**INVERSE CONDEMNATION**

Concurrently and/or in the alternative, plaintiff was deprived of property through arbitrary and unreasonable and confiscatory revocation of already authorized licenses and permits without just compensation in violation of the Fifth Amendment of the United States Constitution.

14.

**DAMAGES**

Plaintiffs have been damaged in amounts to be determined, including the costs of remodeling for the specific purpose of a bingo parlor, past, present and future loss of income as a consequence of the refusal by St. Tammany Parish to allow the two establishments to operate, together with lost profits, and earnings, attorneys' fees and associated costs, all as a consequence of the detrimental reliance by MGM upon the already issued permits and licenses.

15.

Plaintiffs are entitled to attorneys' fees pursuant to 42 U.S.C. §1984.

16.

**42 U.S.C. §1983**

The conduct of the Parish of St. Tammany is directly attributable to an official policy or custom of the Parish, in that the policy maker established an official policy, which policy was to prohibit electronic video bingo, which was the moving force in the revocation of MGM's rights and privileges under the licenses and permits already issued, before passage of the Ordinance; the passage of the subject ordinance, on information and belief, was a consequence of an "uproar" of

certain elements in the Parish of St. Tammany.

17.

The right of property owners and persons with legally protected interests in a property to due process notice and an opportunity to be heard prior to any action being taken which could deprive those persons of or damage those persons' established property interests is a clearly established constitutional right.

18.

The Parish of St. Tammany in May 2009, invoked a policy of prohibiting electronic video bingo, which had hitherto been authorized in unincorporated St. Tammany (Ordinance 12-025.10, et seq, prior to amendment) and by Louisiana statutes (La. R.S. 4:724, et seq); an official legal opinion of the St. Tammany Council attorney issued on November 26, 2009, concluded that use of the bingo video machines was authorized in the Parish; MGM relied to its detriment on the then existing law, which was arbitrarily and unreasonably changed by the Parish, causing harm to MGM.

19.

*Wheeler v. City of Pleasant Grove,* 664 F.2d 99 (5th Cir. 1981) stands for the proposition that revocation of an already authorized permit is a "taking."

20.

**NO ADEQUATE STATE COURT REMEDY**

An action in state court for damages pursuant to Louisiana law (L.C.C. Art. 2315 or otherwise) does not provide an adequate post-deprivation remedy. A judgment rendered against the Parish of St. Tammany in state court is essentially unenforceable and uncollectible unless and until the Parish decides it will appropriate funds to pay the judgment. As the parish is under no

obligation to appropriate funds, a remedy in the form of a judgment which may be uncollectible for an indefinite period of time is not adequate.  No appeal procedure was available to protest the Ord. Cal. No. 4071, amending 12-025.10, *et seq.* of the Parish Code of Ordinances; in view of the current policy to prohibit bingo, no remedy is likely.

**WHEREFORE,** plaintiffs pray for judgment in its favor awarding damages, attorneys' fees, and all other legal and equitable relief to which they may be entitled, all in an amount no less than $1,000,000.00, or as appropriate in the premises.

Respectfully submitted,

_____

**A. Remy Fransen, Jr., Bar #5827**
**MATTHEW R. FRANSEN (Bar # 26286)**
**FRANSEN & HARDIN**
814 Howard Avenue
New Orleans, LA 70113
Telephone: (504) 522-1188

**PLEASE SERVE:**
St. Tammany Parish Government
Through their agent for service of process:
Kevin Davis, Parish President
21489 Koop Drive, Suite H
Mandeville, LA 70047
Telephone: (985) 898-3427