UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MALONEY GAMING MANAGEMENT, LLC * | | CIVIL ACTION 10-01582 |
| Plaintiff * | | |
| * | | SECTION "J" |
| VERSUS * | | |
| * | | JUDGE BARBIER |
| * | | |
| PARISH OF ST. TAMMANY * | | MAGISTRATE NO. 2 |
| Defendant * | | |
| * | | MAGISTRATE WILKINSON |
| * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

In its Memorandum in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, Plaintiff fails to present any reason that this Court should not grant Defendant's Motion as a matter of law. Despite Plaintiff's efforts to cloud the issues presented, Plaintiff cannot refute that it never held a license to conduct video bingo and could never hold such a license as a matter of law because it is a commercial lessor, and also that Plaintiff retains the right to lease its premises for charitable gaming allowed under La. R.S. 4:706. As a matter of law, Plaintiff's claim fails and should be dismissed under Rule 12(b)(6).

**I.      Defendant's Rule 12(b)(6) Motion is Proper and Timely**

Plaintiff argues that the pending motion is not a proper motion under Rule 12(b)(6) and requests that this Court allow it to engage in discovery because Defendant attached the Ordinance and Occupational Licenses at issue to its Motion. However, Defendant's pending

Rule 12(b)(6) Motion is proper and timely, as these two exhibits were specifically referenced in Plaintiff's Complaint, and are not "outside the pleadings".[1]  It is well established that a Court may review and consider documents attached to the defendant's motion without converting the pleading into a Motion for Summary Judgment when the Complaint refers to the documents and they are central to the plaintiff's claims.[2]  Plaintiff's request to delay consideration of the instant Motion and subject Defendant to unwarranted discovery should be rejected, and this Court should dismiss Plaintiff's Complaint under Rule 12(b)(6).

> **II.    Taking the Allegations of Plaintiff's Complaint as True, Dismissal is Warranted under Rule 12(b)(6) as a Matter of law.**

In its Opposition, Plaintiff makes several assertions and arguments intended to distract this Court from the fundamental facts that mandate dismissal of its Complaint.  However, the reality is that Plaintiff cannot state a claim for relief because it never held, and cannot hold, a license to operate a video bingo parlor.  Rather, Plaintiff holds two commercial lessor's licenses issued by the Louisiana Department of Revenue, and to this day remains free to utilize those licenses for any legal purposes.

In its Opposition, Plaintiff identifies certain Charities with which it entered lease agreements to conduct charitable gaming at its properties.  While those Charities may hold licenses issued by the State to operate within the statutory scheme regulating charitable gaming,

---

[1] The March 27, 2009 occupational licenses were cited at paragraph 7 of the Complaint, and the June 4, 2009 Ordinance was cited at paragraph 10 of the Complaint.

[2] *In Re Katrina Canal Breaches*, 495 F.3d 191, 205 (5th Cir. 2007); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *Kane Enterprises MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Collins v .Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

it is undisputed by Plaintiff that it never held such a license.[3]  Plaintiff <u>admits</u> that it could never obtain the license at issue, and so cannot state a claim against Defendant.

Further, Plaintiff lacks standing to assert any claim on behalf of a Charity with which it may have a lease agreement.  Plaintiff's choices in entering into the various lease agreements it references in its Opposition, including its preferred methods of collecting rent payments, do not give rise to a claim against Defendant.  The Charities retain their respective rights to operate charitable gaming, including other forms of bingo and keno, and Plaintiff retains its rights to operate as a commercial lessor.  The prohibition of electronic video bingo in unincorporated areas of St. Tammany Parish by the passage of the Ordinances at issue under the authority of La. R.S. 4:706(B) simply does not give Plaintiff a cause of action.

In its Opposition, Plaintiff attempts to make a distinction between treatment of applications for licenses versus licenses that have been issued and the implications of that difference.  However, Plaintiff never held and cannot hold a license to operate video bingo, and so the cases cited by Plaintiff are simply inapplicable to the instant situation.  In contrast, the cases cited in Defendants' Motion confirm that the right to conduct gaming operations is a privilege and not a property right protected by the U.S. and Louisiana constitutions, leaving Plaintiff with no legal support for its claims.

In summary, Plaintiff cannot refute the following three facts: (1) it does not hold a license to conduct video bingo; (2) as a commercial lessor, it could never have received a license to

---

[3] *See* Plaintiff's Opposition Memorandum, R.Doc. 17, at p. 13 ("Plaintiff has never contended that it, itself, could operate a video bingo parlor.  That is clearly prohibited by R.S. 4:701 et seq.")

conduct video bingo; and (3) it has not been deprived of all economically viable use of its property, as it may still lease its premises for other charitable gaming allowed under La. R.S. 4:706, such as normal bingo and keno, or for any other lawful purpose.  Because these facts cannot be refuted, Plaintiff's claims fail as a matter of law, and dismissal of Plaintiff's Complaint under Rule 12(b)(6) is appropriate.

                RESPECTFULLY SUBMITTED:

                */s/ Thomas P. Anzelmo*
                THOMAS P. ANZELMO (#2533)
                KYLE P. KIRSCH (#26363)
                KEVIN P. KRESS (#31490)
                McCRANIE, SISTRUNK, ANZELMO,
                HARDY, McDANIEL & WELCH, LLC
                400 Lafayette Street, Suite 100
                New Orleans, Louisiana 70130
                Telephone:  (504) 831-0946
                Facsimile: (504) 529-9796
                ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 17th day of August, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

                _____*/s/ Thomas P. Anzelmo*_____