UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MALONEY GAMING MANAGEMENT, LLC * | | CIVIL ACTION 10-01582 |
|     Plaintiffs * | | |
| * | | SECTION "J" |
| VERSUS * | | |
| * | | JUDGE BARBIER |
| * | | |
| PARISH OF ST. TAMMANY * | | MAGISTRATE NO. 2 |
|     Defendant * | | |
| * | | MAGISTRATE WILKINSON |
| * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION MEMORANDUM TO MOTION FOR NEW TRIAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, Parish of St. Tammany (hereinafter "the Parish"), who respectfully submits the following Opposition Memorandum to Plaintiff's Motion for New Trial:

**I.  PLAINTIFF NEVER HAD A LICENSE TO CONDUCT VIDEO BINGO; THEREFORE, THIS COURT CORRECTLY DISMISSED PLAINTIFF'S FEDERAL CLAIMS:**

Plaintiff contends that this Court incorrectly dismissed its 5th and 14th amendment federal claims based on the fact that "a license once issued, may create a property interest in the holder . . . ."[1]  However, what plaintiff completely ignores throughout its argument is what it had a license for. The only license plaintiff possessed allowed it to operate as a commercial lessor.  This license prevents plaintiff from conducting video bingo.  As a result plaintiff never had a license to operate video bingo.  This actually results in the case cited by plaintiff as being supportive of this Court's ruling because the Supreme Court held that "a Louisiana video poker license in the State's hands is

---

[1] *See* Document #26 at p.8 ( Plaintiff's Opposition Memo).

not 'property' under § 1341."[2] Therefore, plaintiff cannot claim that it had a property right to operate video bingo because it never had a video bingo license and could never have obtained one. Thus, this Court properly dismissed plaintiff's claims because the predicate for plaintiff's argument (that it had a property right due to it possessing a commercial lessor license) fails as a matter of law since the license it possessed specifically prevented it from conducting video bingo.[3]

## II.  THIS COURT PROPERLY DISMISSED PLAINTIFF'S STATE LAW DETRIMENTAL RELIANCE CLAIM:

### A.  THIS COURT HAD THE AUTHORITY TO DISMISS PLAINTIFF'S STATE LAW CLAIM ON ITS OWN INITIATIVE:

The Parish acknowledges that it inadvertently did not address plaintiff's state law claims in its Motion to Dismiss; however, this Court acted properly in dismissing said claims as it has previously recognized that "district courts are authorized to consider the sufficiency of the complaint on their own initiative."[4] In fact, in Guthrie v. Tifco Industries the Fifth Circuit affirmed the district court's dismissal of plaintiff's supplemental state law claim for failing to state a claim even though those claims were not the subject of the motion.[5] Therefore, this Court acted properly is dismissing plaintiff's supplemental state law claims since, as will be demonstrated below, the facts alleged failed to state a claim for detrimental reliance.

---

[2] Cleveland v. U.S., 531 U.S. 12, 26-27, 121 S.Ct. 365, 374 (2000)

[3] *See* La. R.S. 4:727(E)(2)(providing "No person licensed as a commercial lessor . . . shall . . . (b) Hold, operate, conduct or assist in the holding, operating, or conducting of a charitable game of chance at the commercial premises.")

[4] Larsen v. Schuerman, 2004 WL 1664016 (E.D. La. 2004)(Barbier, J.).

[5] Guthrie v. Tifco Industries, 941 F.2d 374, 379 (5th Cir. 1991); See also, Johnson v. Graves, 1993 WL 82323 (5th Cir. 1993); Hoffman v. Russell, 2010 WL 2653360 *1, n.1 (E.D. La. 2010); In Re Katrina Canal Breaches Consolidated Litigation, 2009 WL 324139 at *2 (E.D. La. 2009).

B.     **LAW GOVERNING DETRIMENTAL RELIANCE CLAIMS:**

Detrimental reliance "is also referred to in the jurisprudence as promissory or equitable estoppel."[6] "Detrimental reliance is not favored in our law and is sparingly applied as it bars the normal assertion of rights otherwise present. The doctrine applies only to misrepresentation of fact."[7] "A condition precedent to proving a claim for detrimental reliance is demonstrating the existence of a promise upon which the injured party could reasonably rely."[8]

C.     **THE DETRIMENTAL RELIANCE CLAIM WAS PROPERLY DISMISSED:**

This Court properly dismissed plaintiff's detrimental reliance claim because: (1) plaintiff did not allege that the Parish made any promise to it that the Parish would not, pursuant to La. R.S. 4:724, bar video bingo in the future;[9] (2) plaintiff has not alleged that the Parish made a misrepresentation of fact when the subject legal opinion was rendered;[10] and (3) plaintiff cannot

---

[6] May v. Harris Management Corp., 928 So.2d 140, 144 (La. App. 1 Cir. 2005).

[7] Miller v. Miller, 817 So.2d 1166, 1171 (La. App. 2 Cir. 2002); See also, Baker v. LSU Health Sciences Center Institute of Professional Education, 889 So.2d 1178, 1183 (providing "[t]he concept, however, is not favored in our law and should be applied cautiously since it bars the normal assertion of rights otherwise present."); Moroux v. Toche, 943 So.2d 1263, 1272 (La. App. 3 Cir. 2006)(providing "the doctrine of detrimental reliance is not favored by the law and all claims must be examined carefully and strictly.").

[8] Oliver v. Central Bank, 658 So.2d 1316, 1323 (La. App. 2 Cir. 1995).

[9] La. R.S. 4:724 provides in pertinent part that "Nothing in this section shall be construed to restrict the authority of local governments to **restrict** or **prohibit** the conducting of **electronic bingo**." (emphasis added).

[10] In fact the legal opinion was accurate at the time it was rendered. More importantly, the Parish never promised that it would not adopt an ordinance prohibiting video bingo pursuant to La. R.S. 4:724. *See* Clark v. America's Favorite Chicken Co., 916 F.Supp. 586, 593 (E.D. La. 1996)(dismissing plaintiff's detrimental reliance claim because "plaintiffs could not have

demonstrate that it reasonably relied on any alleged misrepresentation of fact since the alleged "local licenses and permits received from the Parish do not permit plaintiff to engage in charitable bingo or video bingo."[11] Thus, this Court properly dismissed plaintiff's detrimental reliance claim.

In Morris v. Freidman the Louisiana Supreme Court held that "equitable considerations and estoppel cannot be permitted to prevail when in conflict with positive written law."[12] The Louisiana Fifth Circuit recently relied on this principle, in John W. Stone Oil Distributors, LLC v. River Oaks Contractors & Developers, Inc., when it upheld the dismissal of a detrimental reliance claim stating "we find that it is not reasonable for a sophisticated businessman such as Mr. Stone to rely on an oral contract to sell immovable property given the firmly rooted statutory law and jurisprudence requiring such agreements be in writing."[13]

The reasoning of Morris and John W. Stone is applicable to the instant case as there is a positive written law that: (1) prevents plaintiff from obtaining a video bingo license[14] and (2)

---

justifiably relied on Belatti's statement. again, the time frame was limited to the period during the bankruptcy, **not any future time**.")(emphasis added).

[11]Document #22 at p.15 (Order & Reasons); See also, La. R.S. 4:727(E)(2) providing "No person licensed as a commercial lessor . . . shall . . . (b) Hold, operate, conduct or assist in the holding, operating, or conducting of a charitable game of chance at the commercial premises."

[12]Morris v. Freidman, 663 So.2d 19, 26 (La. 1995); See also, John W. Stone Oil Distributors, LLC v. River Oaks Contractors & Developers, Inc., 986 So.2d 103, 108 (La. App. 5 Cir. 2008)(providing "[e]quity will not lie where a positive legal requirement, not adhered to exists.").

[13]John W. Stone Oil Distributors, LLC, 986 So.2d at 109.

[14]See La. R.S. 4:727(E)(2)(providing "No person licensed as a commercial lessor . . . shall . . . (b) Hold, operate, conduct or assist in the holding, operating, or conducting of a charitable game of chance at the commercial premises.")

authorizes a parish to prohibit video bingo.[15] Thus, this Court correctly concluded as the Morris and John W. Stone courts did that the detrimental reliance claim should be dismissed.

### III.  CONCLUSION:

**WHEREFORE**, for the reasons stated above Defendant, Parish of St. Tammany, prays that this Honorable Court deny plaintiff's Motion for New Trial.

                              RESPECTFULLY SUBMITTED:

                              */s/ Thomas P. Anzelmo*
                              THOMAS P. ANZELMO (#2533)
                              KYLE P. KIRSCH (#26363)
                              KEVIN P. KRESS (#31490)
                              McCRANIE, SISTRUNK, ANZELMO,
                              HARDY, McDANIEL & WELCH, LLC
                              400 Lafayette Street, Suite 100
                              New Orleans, Louisiana 70130
                              Telephone:  (504) 831-0946
                              Facsimile: (504) 529-9796
                              ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.

                */s/ Thomas P. Anzelmo*

---

[15]*See* La. R.S. 4:724 (providing "Nothing in this section shall be construed to restrict the authority of local governments to **restrict** or **prohibit** the conducting of **electronic bingo**.")(emphasis added).